**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-50656**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**BENITO LOPEZ-MILIAN,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(EP-96-CR-219-3)**
_____
March 26, 1997
Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Benito Lopez-Milian appeals his conviction and sentence for conspiracy to possess with intent to distribute marijuana. The testimony of appellant's co-conspirator, which was corroborated by the testimony of the Customs Agents as well as by circumstantial evidence, was sufficient to support the conviction. _See **United States v. Greenwood**_, 974 F.2d 1449, 1457 (5th Cir. 1992), _cert._

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

*denied*, 508 U.S. 915 (1993). Further support was provided by appellant's conflicting statements at trial and to federal officials, evidencing his "consciousness of guilt". *See **United States v. Diaz-Carreon***, 915 F.2d 951, 954-55 (5th Cir. 1990).

Appellant contends that the district court should have granted him a two-point reduction in his offense level on the basis that he was a minor participant in the conspiracy. Although the district court's denial of appellant's objection did not contain a recitation of the factual basis for its denial, the findings in the presentence investigation report were clear enough that this court was not left to "second guess" the basis for that sentencing decision. *See **United States v. Carreon***, 11 F.3d 1225, 1231 (5th Cir. 1994). The record supports the district court's conclusion that appellant was just as culpable as the other participants. There is no clear error in the decision not to award the reduction. *See **United States v. Davis***, 19 F.3d 166, 172 (5th Cir. 1994).

***AFFIRMED***